## J. & P. TURNER *vs.* JENKINS, *et al.*—June, 1827.

If one party gives in evidence a part of a conversation between the other party and a witness, it is competent for such other party to extract from the witness the whole of that conversation.

A declaration which contains a count for matters and articles properly chargeable in account, as appears by a particular account filed, no account being filed; and another count for special services, which did not state an assumption of any particular sum, will not authorise a recovery.

Where the pleadings were in that state, and the evidence contained in the bill of exceptions showed the plaintiff had some claim, and the verdict and judgment being for him, the appellate court, on reversing the judgment, awarded a *procedendo*.

APPEAL from *Saint-Mary's* County Court. This was an action of *assumpsit*, brought by the appellees, (the plaintiffs below,) against the appellants, (the defendants below.) The declaration contained two counts. 1st. An *indebitatus assumpsit* count, under the act of assembly of this state, for sundry matters and articles properly chargeable in account, to the value of $200, "as per account filed," &c. 2d. A special count, which charged for the carriage and transportation of "divers hogsheads of tobacco," belonging to the defendants, in the vessels of the plaintiff, from *Port Tobacco* in *Charles* county, to the city of *Baltimore*," at the request of the defendants; and that the defendants being thereof indebted, in consideration thereof promised to pay "the last aforesaid sum of money" on request. Nevertheless, &c. The defendants pleaded *non assumpsit*, on which issue was joined. No account was filed in the cause.

1. At the trial it was admitted that the defendants were partners in trade. The plaintiffs then produced and swore *Robert Tench*, a competent witness, who stated that in the year 1819,

about the month of May or June, when the tobacco mentioned in the declaration was carried from *Port-Tobacco* to *Baltimore*, the plaintiffs were joint owners of the schooner *Consort*, the vessel that carried the tobacco. To which testimony the defendants by their counsel objected. But the Court, [*Key*, and *Plater*, A. J.] were of opinion that the same was legal testimony, and suffered it to go to the jury. The defendants excepted.

2. The plaintiff further proved by the said witness, that he heard *Josiah Turner*, one of the defendants, say that the plaintiffs carried from *Port-Tobacco*, to *Baltimore*, the tobacco he purchased from *Samuel Chapman*, in said vessel, in the year aforesaid; and that *Chapman* sold to the defendants forty-two hogsheads of tobacco. The plaintiffs then produced and had sworn *Hugh Cox*, a competent witness, who stated, that in the year 1819, the freight for a hogshead of tobacco from *Port-Tobacco*, to *Baltimore*, was two dollars. The said witness further proved, that there were four additional hogsheads of tobacco shipped in the said vessel to be carried to *Baltimore*, from *Port-Tobacco*, for and on account of the defendants, at the same time. The defendants then offered to prove by *Tench*, that he heard *Lewis A. Jenkins*, one of the plaintiffs, say that the tobacco was damaged on board of said vessel in the transportation from *Port-Tobacco*, to *Baltimore*. And further offered to prove, by said witness, that at the time one of the defendants, to wit, *Josiah Turner*, told him that the tobacco he purchased of *Samuel Chapman*, was shipped to *Baltimore*, by the plaintiffs, in said vessel, the said *Josiah Turner*, then said that the said tobacco was damaged; but does not recollect that he said it was damaged to any particular amount, or that it was damaged to the amount of the freight. To the admissibility of which testimony the plaintiffs objected; and the court were of opinion that the same was not admissible, and refused to permit it to go to the jury. The defendants excepted.

3. The defendants then prayed the court to instruct the jury, that under the pleadings in the cause, the plaintiffs were not entitled to recover. But the court refused to give the instruction. The defendants excepted; and the whole of the preceding was

included in one bill of exceptions. The verdict and judgment being against the defendants, they appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, STEPHEN, ARCHER, and DORSEY, J. by

Magruder, for the Appellants, and by
C. Dorsey, for the Appellees.

EARLE, J. delivered the opinion of the court. The action in this case was brought to recover freight on forty-six hogs-heads of tobacco, transported by Jenkins and others, the plain-tiffs below, for the defendants, from Port Tobacco, in Charles county, to the city of Baltimore. The declaration contains two counts. One count for certain articles properly chargea-ble in account, as appears by a particular account exhibited; whereas no account whatever appears in the record. The other count is an indebitatus assumpsit for freight on tobacco transported from Port Tobacco, in Charles county, to the city of Baltimore; but it alleges no sum in which the defendants were indebted to the plaintiffs for this service rendered, nei-ther does it state the assumption by them to pay any sum in particular for the same. To this declaration the defendants pleaded non assumpsit; and on the trial they tendered a bill of exceptions, which was signed by the court. In this bill of exceptions the court below express several opinions, in one of which we concur with them, and in the others we think they were clearly wrong.

The statement of the witness, Tench, that the plaintiffs were the joint owners of the schooner Consort, when she carried the tobacco to Baltimore, was admissible proof, although not very satisfactory testimony, without some explanation of his knowledge of the plaintiffs' ownership, if it was a point desira-ble to be established on the trial of such an issue. The same witness ought to have been suffered to relate what he had heard one of the plaintiffs, Jenkins, say concerning the damage of the tobacco in its passage to Baltimore, as well as the whole conversation he held with Josiah Turner, one of the defen-dants, on the same subject, whose admission, relative to the quantity of the tobacco, had been made use of by the plaintiffs.

We are also of opinion, that the court erred in refusing to give the last instruction prayed for by the defendants.

The pleadings in the cause, on behalf of the plaintiffs, are not in a state to authorise a recovery, however just their demand may be. We reverse the judgment of *Saint Mary's* county court, and return them the cause on a *procedendo.*

JUDGMENT REVERSED, &c.